IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NESTOR VLADAMIR SANDOV ROCA,**  :

    Petitioner,  :

v.  :  Civil Action No. RWT-12-2797
                       (Related Crim. Case: RWT-10-472)

**UNITED STATES OF AMERICA**,  :

    Respondent.  :

o0o

## MEMORANDUM OPINION

The above-captioned Motion to Vacate was filed on September 19, 2012. ECF No. 425. Petitioner seeks to challenge his convictions for conspiracy to distribute controlled substance, felon in possession, and unauthorized reentry of a deported alien. Petitioner was sentenced on September 13, 2012, and a notice of appeal was filed on September 14, 2012. ECF Nos. 419 and 421. The appeal is still pending with the Fourth Circuit Court of Appeals. See United States v. Roca, No. 12-4733 (4th Cir. 2012).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. See Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; see also United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); Masters v. Eide, 353 F.2d 517 (8th Cir. 1965). Courts have found extraordinary circumstances in the following situations: 1) when a conflict exists between "state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions," Bowen v. Johnston, 306 U.S. 19, 27 (1939); 2) when the Government is unable to support critical factual representations it has made on the record, see United States v.

Taylor, 648 F.2d 565, 572 (9th Cir. 1981); and/or 3) when ineffective assistance of counsel can only be placed by way of a § 2255 motion, because the ineffectiveness is discovered during the pendency of the appeal, after the time for the new trial has lapsed.  See United States v. Tindle, 522 F.2d 689, 692-93 (D.C. Cir. 1975).

   Petitioner claims that his plea was not voluntary, he received ineffective assistance of counsel, and his sentencing was improper.  ECF No. 425.  The claim is not an extraordinary circumstance that warrants consideration during the pendency of Petitioner's appeal.  Accordingly, the Motion shall be dismissed without prejudice by separate Order which follows.


Date: October 1, 2012                  /s/
                             ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE